BEHRENS v. ILLINOIS CENT. R. CO.

(District Court, E. D. Louisiana. December 30, 1911.)

No. 13,902.

COMMERCE (§ 27*)—DEATH OF SERVANT—EMPLOYER'S LIABILITY ACT—"ENGAGED IN INTERSTATE COMMERCE."

Where intestate, a fireman on one of defendant's switch engines, was ordinarily employed in interstate commerce, though mingled with employment in commerce wholly within the state, he was engaged in interstate commerce within the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), so that an action for his alleged wrongful death could be maintained thereunder, though at the precise time of the accident he was working on an intrastate train.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 27.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Joseph Behrens, as administrator, etc., against the Illinois Central Railroad Company. On defendant's motion for direction of verdict. Denied.

Armand Romain, for complainant.
Gustave Lemle, for defendant.

FOSTER, District Judge. This is a case brought solely under and by virtue of the act of April 22, 1908, known as the "Employer's Liability Act" (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1909, p. 1171]), and the defendant has moved for the direction of a verdict.

The evidence is undisputed that the plaintiff's intestate came to his death in an accident while he was employed as fireman on one of the defendant's engines. He was a member of a switching crew, and it was their duty to switch cars that had to move both in interstate and intrastate commerce indiscriminately. They usually reported for duty at Chalmette, a railroad terminal below the city of New Orleans, not on defendant's road, to make up a train of "empties" and other cars intended for various destinations and going over its road, and also of empty cars to be returned to other roads. They would then haul this train to Harrahan, a terminal above the city of New Orleans on the defendant's line—in fact, one of its yards—and then take out another train already made up for them and haul it back to Chalmette.

At the time the accident occurred the train being hauled was composed of 13 cars, all of which had originated in Louisiana destined to Chalmette, and, so far as the freight was concerned, constituted intrastate commerce. It is therefore contended by the defendant that neither it nor its deceased employé was at the time engaged in interstate commerce, and there could be no recovery as against it in this action.

In my opinion the construction sought to be secured by the defendant is entirely too narrow and restricted. Undoubtedly the act of Congress is in derogation of the common law; but certainly the elimination of the doctrine of fellow servant and the modification of the doctrines of contributory negligence and assumed risk makes for the betterment of human rights as opposed to those of property, and I consider that, in the light of modern thought and opinion, the law should be as broadly and as liberally construed as possible.

In this view of the case, I consider that the usual and ordinary employment of the decedent in interstate commerce, mingled though it may be with employment in commerce which is wholly intrastate, fixes his status, and fixes the status of the railroad, and the mere fact that the accident occurred while he was engaged in work on an intrastate train, rather than a few minutes earlier or later, when he might have been engaged on an interstate train is immaterial. If he was engaged in two occupations that are so blended as to be inseparable, and where the employé himself has no control over his own actions and cannot elect as to his employment, the court should not attempt to separate and distinguish between them.

The motion will be denied.