SHANLEY v. PHILADELPHIA & R. R. CO.

(District Court, E. D. Pennsylvania. April 5, 1915.)

No. 3090.

COMMERCE ☞27—INTERSTATE COMMERCE—LIABILITY FOR INJURIES TO EMPLOYÉS.

A member of a shifting crew in the freight yard of a railroad company, who at times assisted in handling cars used in interstate, intrastate, and purely local commerce, but who at the time he met his death was aiding in the work of shunting empty cars upon a siding of a manufacturing company, and who had been sent out as flagman to protect the switch by stopping any on-coming train on the track with which the switch was connected, was not shown to be engaged in interstate commerce; the ultimate destination, when freighted, of the empty cars, or the character of the on-coming train, not being shown.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.]

At Law. Action by Elizabeth Shanley, administratrix, against the Philadelphia & Reading Railroad Company. On motion by plaintiff for a new trial. Rule for new trial discharged.

Harry Reiss Axelroth, of Philadelphia, Pa., for plaintiff.
Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge: The instant case, as do all cases of like general character, presents a double aspect. In one of its phases it is an action founded upon the general principles of the law of negligence. In the other, it is based upon those same principles as modified by the statutes of the United States. The presentation of plaintiff's case implies the admission, which, indeed, the facts of the case compel, that there can be no recovery except under the acts of Congress. The application of the acts of Congress depends upon certain facts, an essential one of which, unfortunately for the plaintiff, is absent from this record. One of the essential facts is that the defendant railroad must be a common carrier engaged in interstate commerce. This fact is conceded. The other is that the plaintiff's decedent must have been employed in interstate commerce at the time he met his death. The record is absolutely barren of any evidence of this latter fact. A verdict for the defendant was therefore clearly imperatively called for. The duty of finding against a litigant because of the absence of legal evidence of a fact, which may nevertheless exist, cannot be otherwise than reluctantly, and even ungraciously, performed. The rights of defendants, however, as well as those of plaintiffs, must be safeguarded.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defense in this cause was presented with the ability which was to be expected from the counsel engaged, yet, at the same time, with the display of a refreshingly conspicuous, as well as highly commendable fairness. Every facility was afforded by the trial judge, without complaint from counsel for the defendant, to the plaintiff to fully develop the facts in the case. As a consequence, the defendant has rights in this record as made up which cannot be disturbed without legal justification. The general employment of the decedent was as a member of a shifting crew in a freight yard of the defendant company. As such he assisted in handling all kinds of cars used in all sorts of service. Some of them at times were instrumentalities in interstate, at other times of intrastate, and at others again of purely local, commerce. At the time he met his death he was aiding in the work of shunting empty cars upon a siding of a local private manufacturing company. The ultimate use to which the cars were to be devoted, and their ultimate destination when freighted, was not, and doubtless could not have been, shown.

The case for the plaintiff had manifestly been prepared and was presented as supported by the theory upon which a recovery had been permitted by the court below in the case of Behrens v. Railroad (D. C.) 192 Fed. 581. The theory was that when the carrier was engaged in commingled interstate and intrastate transportation, and the person injured or killed had a general employment in like commingled work, the case was one within the acts of Congress. Before the present case was called for trial, however, the judgment of the District Court in Behrens v. Railroad had been reversed on the very ground of the trial judge there being convicted of error in holding that the fact of such commingled employment would support a recovery. Illinois R. R. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163. Indeed, it was upon the authority of the Behrens Case that the instructions given the jury in the present case were based.

This further thought was in the mind of the trial judge. The private siding upon which the cars spoken of were being shunted was of course, connected with the main tracks of the defendant. This made necessary the protection of the switch during its use. This was afforded by sending out a flagman to stop any on-coming train on the connecting track. The protection thus afforded was a double protection. It safeguarded the local train, but also the on-coming train as well. If, therefore, the latter were an interstate train, Shanley, who was sent out on this duty, might be said to have been employed in interstate commerce. The inquiry was made of counsel for plaintiff whether such a fact, if it was the fact, would be of value, and a full opportunity given to offer evidence of it. If such evidence had been admitted, it would have been in the case for whatever it had been worth. If the offer had been made and objected to, its relevancy could have been determined. No such offer of evidence was made, however; counsel being of opinion that it was of no value. The conclusion, therefore, must be either that no interstate fact could have been shown, or that the kind of business in which the to be flagged train was engaged was of no relevancy. At the argument of this motion the case

for the plaintiff was presented as wholly dependent upon the fact of Shanley's general employment at times in interstate commerce, and that the fact is that he was not so employed at the time he met his death. This brings the case, as we view it, within the final ruling in Behrens v. Railroad, and calls for the dismissal of the present motion.

The rule for a new trial is therefore discharged, and defendant has leave to move for judgment on the verdict.