Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of DELIA B. AMES for Compensation to Herself and to WILLIAM AMES, JR., and Others, Dependent Children, for the Death of Her Husband, WILLIAM AMES, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer.

Third Department, May 2, 1917.

**Workmen's Compensation Law — where engineman struck by train while going to collect his wages after completing his day's work not injured in course of his employment — injuries while walking along track in violation of Railroad Law, section 83.**

Where a yard engineman, after turning in his engine and his slip showing that his run had been completed, although there were plenty of streets by which he could have left the railroad yard for the purpose of going home, walked along the tracks for a distance, crossed over another public highway which he had gained in safety and then entered on the right of way of an elevated railroad conducted by his employer, for the purpose of catching a passing freight train in order to arrive at a certain place to collect his pay, and was struck and killed by such train, the injuries resulting in his death cannot be held to have arisen out of and in the course of his employment within the meaning of the Workmen's Compensation Law.

But there may be cases in which an employee in going for his wages may be considered as acting in the course of his employment.

As the decedent was not employed on the line where the accident happened, he was a mere trespasser at that point, violating the spirit if not the letter of section 83 of the Railroad Law (Laws of 1910, chap. 481).

CERTIFICATION by the State Industrial Commission to the Appellate Division, Third Department, of a question pursuant to the provisions of the Workmen's Compensation Law. (See Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 23, as amd. by Laws of 1916, chap. 622.)

*Egburt E. Woodbury,* Attorney-General, and *Robert W. Bonynge,* counsel for State Industrial Commission, for State Industrial Commission.

*Daniel J. Dugan [Isadore Bookstein* with him on the brief], for the claimants.

*O. G. Browne* and *Visscher, Whalen & Austin [Sherman A. Murphy* of counsel], for the employer.

WOODWARD, J.:

The State Industrial Commission has certified the question: " Did the injuries which resulted in the death of William Ames arise out of and in the course of his employment with the New York Central Railroad Company within the meaning of the Workmen's Compensation Law?"

The facts found by the Commission are to the effect that on the 8th day of March, 1915, the day when William Ames received the injuries which resulted in his death, he resided in Albany, and was employed as a yard engineman by the New York Central Railroad Company; that on said day, at about six o'clock in the morning, the said William Ames had turned in his engine, having completed his work, and had also turned in his slip showing that his run had been completed. His engine was left by him in the freight yard about 100 feet from the public street, namely, Spencer street. There were plenty of streets by which Ames could have left the yard for the purpose of going home, but, instead of making use of one of these highways, he walked along the tracks for a distance of 1,000 feet and crossed over another street and on to the tracks on the other side of the last-mentioned street, and was there struck and killed by a passing freight train. The purpose of Ames in going upon this second track, which appears to have been an elevated track of the New York Central lines, was supposed to be for the purpose of catching a passing freight train in order to board the same and ride to West Albany, where he could collect his pay. Ames, as the Commission certify the facts, had no authority from his employer to be at the place where the accident occurred and was not at that place on any business in behalf of his employer, but was there for purposes of his own.

We think the question must be answered in the negative. While there might be cases in which an employee in going for his wages would be considered as acting in the course of his employment, we think this is not such a case. Ames had closed his day's work and had left the premises of his employer; he had gained a public highway in safety, and then he climbed up some steps and gained entrance to the right of way of an elevated railroad conducted by the same company which employed him in the yards, which appear to

have been at grade, and was struck by a Boston and Albany train, which makes use of this elevated track. He was employed by the New York Central Railroad Company, but his employment was not upon the line where the accident happened; he was a mere trespasser at the point where the accident happened, violating the spirit if not the letter of section 83 of the Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481), and there is no justification for holding the insurance carrier liable for such an accident. He was not engaged in a hazardous employment for the employer; he was making use of the tracks of the New York Central railroad for a purpose for which they were not intended, and the loss must fall upon those who were dependent upon him. (*Matter of De Voe* v. *New York State Railways*, 169 App. Div. 472, 476; affd., 218 N. Y. 318, 320; *Matter of Glatzl* v. *Stumpp*, 220 id. 71, 74.)

The question is answered in the negative.

All concurred.

Question certified answered in the negative.