ATLANTIC COAST LINE R. CO. v. WILLIAMS.

(Circuit Court of Appeals, Fifth Circuit.    October 17, 1922.)

No. 3856.

1. **Commerce** ⚖�ý27(5)—**Fireman employed in shifting interstate cars, injured
     while going to work, engaged in "interstate commerce."**
     Where fireman, employed in shifting cars on interstate trains, was in-
     jured in going to his work, while attempting to board defendant's shuttle
     train, used exclusively for carrying defendant's employees to and from
     their work, he was engaged in "interstate commerce" at the time of the
     injury.
     [Ed. Note.—For other definitions, see Words and Phrases, First and
     Second Series, Interstate Commerce.]

2. **Master and servant** ⚖➙88(7)—**Injury to fireman, boarding train carrying him
     to work, held actionable under federal act.**
     Evidence that a fireman on a switch engine handling interstate trains
     was injured in going to his work, while attempting to board a shuttle
     train carrying employees to and from work, *held* to show that the rela-
     tion of master and servant existed at the time of the injury, so as to
     authorize an instruction on the right of a negligent employee to recover
     damages under the federal Employers' Liability Act (Comp. St. §§ 8657–
     8665).

3. **Appeal and error** ⚖➙197(1)—**No review of alleged variance, where no such
     objection made below.**
     Where no objection on the ground of a variance was made to the admis-
     sion of evidence, and the alleged variance was not called to the attention
     of the trial court, an assignment of error alleging a variance will not be
     considered.

4. **Master and servant** ⚖➙286(30)—**Negligence as to fireman boarding train held
     for jury.**
     In an action under federal Employers' Liability Act (Comp. St. §§
     8657–8665) for an injury to a fireman, attempting to board a shuttle
     train carrying employees to and from their work, evidence *held* to warrant
     submitting the question of negligence to the jury.

In Error to the District Court of the United States for the Southern
District of Georgia; Beverly D. Evans, Judge.

Action by C. M. Williams against the Atlantic Coast Line Railroad
Company. Judgment for plaintiff, and defendant brings error. Af-
firmed.

⚖➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. A. Lawrence and E. H. Abrahams, both of Savannah, Ga., for plaintiff in error.

Edgar J. Oliver and F. M. Oliver, both of Savannah, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. C. M. Williams brought an action in the United States District Court for the Southern District of Georgia against the Atlantic Coast Line Railroad Company (hereinafter called company). The petition contained two counts. In the first count, he claimed damages as an employee engaged in interstate commerce under the federal Employers' Liability Act (Comp. St. §§ 8657–8665). In the second count, he sought to recover for the same injury as a passenger. The court submitted the case to the jury on the first count alone, which alleged that plaintiff was an employee of the company engaged in interstate commerce; that he worked in its yards about 6 miles out of Savannah, Ga.; that to enable him to reach said yards said company furnished a shuttle train, which transported its employees without charge to their work; that one of the points where said train received said employees was Thirty-Seventh street, in the city of Savannah, at which street it was the custom of this train to slow up for such employees to board it; that the train had slowed up for this purpose, when, just as the plaintiff had touched the grabiron on the platform, the brakes, which had been applied, were released, which caused the speed of the train to increase suddenly, and caused the handhold on the rear end of the car, which plaintiff had seized, to be snatched forward, so that his grip on the same was relaxed; that the handhold or grabiron was in a defective condition, not firm and secure; that it got away from him, moving about 6 inches, which caused him to lose his hold, so that he was thrown under the car and caused to be injured. Plaintiff also alleged that the grabiron in question was a safety appliance, required by the Safety Appliance Act of Congress.

The evidence showed that plaintiff was a fireman on a switch engine, engaged in making up and breaking up interstate railway freight trains coming from Charleston, S. C., and Jacksonville, Fla., into Georgia. The evidence also indicated that, when injured, he was in the act of stepping upon this train, which was moving at the rate of 2 or 3 miles per hour; that the rear platform rail was in a loose condition, so that it swung forward or backward from 6 to 10 inches; that as he was in the act of getting on said train the brakes were released and the speed increased; that he missed one grabiron and his knee struck the step, but he caught the platform rail, which was loose, and fell under the car. The evidence showed that this shuttle train carried no paid passengers; that it was an appliance furnished by the railroad company to its employees to enable them to reach its yards to there discharge their duties. The court instructed the jury that under the evidence Williams was an employee engaged in interstate commerce at the time of his injury, and this instruction is one of the errors complained of.

[1] 1. At the time Williams was hurt, he was engaged in going to his work with the railroad company, which was clearly an employment in interstate commerce. He was in the act of getting on his employer's shuttle train, furnished by the railroad company to him, and other employees, exclusively, for such purpose and as part of his employment. He had partially gotten on this train, and was thrown or fell therefrom, thus causing his injuries. The sole purpose he had in what he was then doing was to reach the engine upon which he was engaged as fireman for the handling of interstate trains. It seems to us that he was for all practical purposes on the premises of the company engaged in going to such work, using a means the right to use which arose solely from his employment, and that at the time his relation to his employer was that of an employee engaged in interstate commerce. Philadelphia Co. v. Tucker, 35 App. D. C. 123, L. R. A. 1915C, 39, affirmed 220 U. S. 608, 31 Sup. Ct. 725, 55 L. Ed. 607; Erie Railroad Co. v. Winfield, 244 U. S. 170, 173, 37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662.

[2] 2. Error is also assigned upon the charge of the court, stating to the jury that under the federal Employers' Liability Act, if plaintiff was negligent in boarding the train, such negligence would not defeat his ability to recover, but would go only to the measure of damages; the grounds of error alleged being that there was no evidence to show that the relation of master and servant existed at the time of the accident, or that the plaintiff was then engaged in interstate commerce. We think that there was sufficient evidence to show that at the time of the accident the relation of master and servant had existed between the parties, and for the reasons above given that the plaintiff was engaged in interstate commerce, and that the charge of the court complained of was not erroneous.

[3] 3. Complaint is made that there was a variance between the allegations of plaintiff's petition and the evidence of negligence offered. We do not find that any such objection was made to the introduction of evidence submitted in support of the declaration, or that any alleged variance between the proof offered and the allegations of the petition was called to the attention of the court, or any action of the court on such alleged variance requested. For this reason we do not think the assignment of error could be now considered. But, even if it should, we do not find any such variance as is complained of.

[4] There was sufficient evidence to warrant the court in submitting the question of negligence in this case to the jury, and in refusing to direct a verdict in favor of the defendant. The charge of the court fairly submitted all questions in the case to the jury, and the verdict is not without evidence to support it.

The judgment of the District Court is affirmed.