ANNA PALLOCCO, as Administratrix of the Estate of JOSEPH PALLOCCO, Deceased, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Respondent.

Negligence — railroads — interstate commerce — track laborer killed while crossing yard on way home — employment in interstate commerce not changed as matter of law — when there is an end of employment — no duty to depart from yard by shortest line — whether passage through yard a privilege of employee a question of fact.

1. An employee of an interstate railroad, working in one of its yards pulling up old ties and putting in new ones, is employed in interstate commerce and his employment is not changed, as matter of law, while he is crossing the yard at his lunch hour on the way to his home.

2. An argument that instead of walking upon a track he should have gone between tracks, and thus avoided the danger which resulted in his death, is a consideration bearing upon his contributory negligence and thus, under . the Federal Employers' Liability Act (§ 1), upon the measure of recovery. It does not show of itself that there was an end of his employment.

3. The possibility that deceased could have cut across the tracks and reached a neighboring highway does not affect the result. He was moving across a yard of determinate dimensions, marked off by use and boundaries as a unit and it cannot be said that there was a duty to depart therefrom by the shortest line to the perimeter. ..·

4. Whether passage through the yard from its outermost extremity to its beginning was a privilege of the employee, attaching as a reasonable incident of his contract of employment, must be determined as an inference of fact in the light of all the circumstances, first in importance among which are the physical surroundings, and the practice of the business. (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130, distinguished.)

*Pallocco* v. *Lehigh Valley R. R. Co.*, 198 App. Div. 683, reversed.

(Argued April 24, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1921, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*James O. Sebring* for appellant. The decedent at the time he was injured was in the employ of the defendant. He was not at the time a trespasser. He was using the usual and customary route. He was entitled to protection. He was not traveling out of his way, as it was the nearest and the most direct route to his home. He was using the route or way that had received the approval and sanction of defendant. It had provided none other. (*Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *Boldt* v. *N. Y. C. R. R. Co.*, 18 N. Y. 432; *Knowles* v. *N. Y., N. H. & H. R. Co.*, 223 N. Y. 513; *Di Paolo* v. *Crimmins Contracting Co.*, 219 N. Y. 580; *Lindstrom* v. *N. Y. C. R. R. Co.*, 186 App. Div. 429; 230 N. Y. 551; *Matter of Mc-*

*Inerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130; *P. B., etc., Co.* v. *Tucker*, 35 A. D. C. 123; *M., K. & T. R. Co.* v. *Rintz*, 162 S. W. Rep. 959; *Staley* v. *I. C. R. R. Co.*, 259 Ill. 356; *Lusk* v. *Bandy*, 76 Okla. 108; *Davis* v. *C., R. I. & P. R. R. Co.*, 134 Minn. 49.)

*H. D. Noble, Jr.*, for respondent. At the time of the injury, plaintiff's intestate being on his way home to lunch and some 3,400 feet distant from the place of his employment, was not in the service of the defendant and the relationship of employer and employee did not exist between them. (*McInerney* v. *Buffalo & S. R. Corp.*, 225 N. Y. 130; *Hills* v. *Blair*, 182 Mich. 20; *Sztorc* v. *Stansbury*, 189 App. Div. 388.) No negligence was shown on the part of the defendant. The company was not under any obligation to have anticipated such an accident as befell Pallocco. (*Hogan* v. *N. Y. C., etc., R. R. Co.*, 209 N. Y. 20; *Buckley* v. *N. Y. C., etc., R. R. Co.*, 142 App. Div. 8; *Essen* v. *City of Philadelphia*, 183 Fed. Rep. 414.) Decedent assumed the risk which resulted in his death because it was obvious and he was aware of it, or should have been, and also because he had as much knowledge of the situation as the defendant did. (*Connell* v. *N. Y. C. & H. R. R. R. Co.*, 213 N. Y. 352; *Cowhill* v. *Roberts*, 71 Hun, 127; 144 N. Y. 649; *Laffan* v. *Ry. Co.*, 108 App. Div. 288; *Kearney* v. *Hanlien*, 149 App. Div. 524, 528; *Reinertsen* v. *Erie R. R. Co.*, 142 App. Div. 31; 205 N. Y. 541; *Vinning* v. *N. Y., etc., R. R. Co.*, 167 Mass. 539; *Bell* v. *R. R. Co.*, 168 Mass. 443; *Bence* v. *R. R. Co.*, 181 Mass. 221, 226; *Cleveland, etc., Ry. Co.* v. *Workman*, 66 Ohio St. 509; *D., L. & W. R. Co.* v. *Tomasco*, 256 Fed. Rep. 14.)

CARDOZO, J. The plaintiff sues under the Federal Employers' Liability Act to recover damages for injuries resulting in death.

Joseph Pallocco was employed as a track laborer at the

Manchester yard of the Lehigh Valley Railroad Company, an interstate carrier. On April 29, 1917, he was working at the west end of the yard, pulling up old ties and putting in new ones. At noon he had an hour to himself for lunch, which it was his habit to take at home. He left the scene of his work with his son, and walked along one of the tracks from the west end of the yard to its starting point at the east, a distance, it seems, of half a mile. An engine approaching without signal caught him between the track and a concrete tower, and injured him so badly that he died. The question is whether he was then engaged in interstate commerce. The ruling of the trial judge dismissing the complaint was affirmed at the Appellate Division by a divided court. An appeal to this court followed.

Pallocco was employed in interstate commerce while repairing the defendant's ties. We think his employment was not changed, at least as a matter of law, by his trip across the yard (*Erie R. R. Co.* v. *Winfield*, 244 U. S. 170, 173; *Knowles* v. *N. Y., N. H. & H. R. R. Co.*, 223 N. Y. 513). The argument is made that instead of walking upon a track, he should have gone between tracks, and thus avoided danger. Such considerations bear upon his contributory negligence, and thus, under the federal statute, upon the measure of recovery (Employers' Liability Act, § 1; 35 Stat. 65; *Spokane & Inland Empire R. R.* v. *Campbell*, 241 U. S. 497, 509). They do not show of themselves that there was an end of his employment. The journey across the yard would have been an incident of the service if it had been made with care. That being so, it did not cease to be such an incident when made without care. A different case would be here if the defendant had set aside a determinate path for the use of its employees, and either expressly or by implication had forbidden travel elsewhere. No such restrictions were imposed. The course to be followed

8

was left to the unaided judgment of the men who were to follow it. This man, when he met his death, was traveling the route which he had traveled many times before. His son and other workmen had followed the same path. The right to choose is not destroyed by the unwisdom of the choice.

Some point is made, though more or less incidentally and doubtfully, that Pallocco was at fault if he kept within the yard at all. We are told that he could have cut across tracks and reached a neighboring highway. This is not shown except by the production of a map which is silent as to the nature and occupancy of the intervening spaces. The possibility may, however, be assumed, and the result will not be changed. Pallocco was not following a right of way of indefinite extension. He was moving across a yard of determinate dimensions, marked off by use and boundaries as a unit, as something single and entire. We cannot say that there was a duty to depart from this inclosure by the shortest line to the perimeter. Whether passage through the yard from its outermost extremity to its beginning was a privilege of the employee, attaching as a reasonable incident of his contract of employment, must be determined as an inference of fact in the light of all the circumstances. First in importance among these are the physical surroundings and the practice of the business.

Our ruling in *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.* (225 N. Y. 130) is pressed upon as authority for a different conclusion. We do not so regard it. There the injured workman, a claimant under the Workmen's Compensation Act, was walking along a right of way. Close beside him was a highway which he could easily have reached and which he commonly traveled. The contour of the yard, the proximity of other avenues of access and egress, and the reasonable incidents of the service as indicated by the practice of the servant, were the features of that case which determined the

decision.   They separate it adequately from the case at hand.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and a new trial granted, with costs to abide the event.

POUND, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., HOGAN and MCLAUGHLIN, JJ., dissent.

Judgments reversed, etc.