ABRAHAM BAUM, Appellant, v. NATHAN SCHWEITZER, Respondent.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Motor vehicles — action for injuries suffered by plaintiff when struck by defendant's motor truck — accident happened while defendant's chauffeur was making detour of seventeen city blocks from route to procure lunch at home — master and servant — error to dismiss complaint on theory that chauffeur's stopping for lunch was not within contemplation of his employment.

A judgment dismissing plaintiff's complaint, in an action for damages for personal injuries alleged to have been suffered by reason of being struck by defendant's motor truck, should be reversed, where it appears that the accident happened while the defendant's chauffeur, whose duties consumed virtually the entire day, deviated seventeen city blocks from his route of travel in order to obtain his lunch at home, since it cannot be said, as a matter of law, that his stopping for lunch was not within the contemplation of his employment.

APPEAL by plaintiff from a judgment of the City Court of the City of New York in favor of defendant, after trial by the court with a jury.

*Morris H. Hofstadter*, for the appellant.

*J. Arthur Hilton*, for the respondent.

PROSKAUER, J.:

The complaint was dismissed on the ground that in this action to recover for personal injuries claimed to have been caused by the negligence of the defendant's chauffeur, the chauffeur had departed from his master's business. The testimony of defendant's witnesses showed that the chauffeur went on duty about five o'clock in the morning; that he had breakfasted at eleven o'clock and that about three-fifteen in the afternoon he was instructed to make four deliveries of merchandise at points, the most southerly of which was Fourteenth street. After making this delivery he determined to go to his home for lunch and went out of his way in a southerly direction seventeen city blocks; while on this detour the accident occurred. The trial court held that as a matter of law the defendant was not liable.

As is stated by Mr. Justice DAVIS in *Bryan* v. *Bunis* (208 App. Div. 389, 390): " Since 1834 when Baron PARKE, in discussing the liability of a master, made a distinction between a ' frolic ' and a ' detour ' in the case of *Joel* v. *Morison* (6 C. & P. 501), the

question as to just what constitutes a ' frolic ' and what a ' detour ' has been a perplexing one.   *   *   *   In the one case the master is not liable for his servant's misconduct.   In the other, the doctrine of *respondeat superior* is applied."

The lines of demarcation are indicated by a comparison of *Bryan* v. *Bunis* (208 App. Div. 389) with *Perlmutter* v. *Byrne* (193 id. 769).   In the former case the master was held liable where the chauffeur had deviated half a mile from his direct route in order to stop for a noonday meal.   Mr. Justice DAVIS said (p. 391): "  *   *   *   when his employer took him from the shop at the noon hour and after his immediate errand was performed, directed him to return, it was within his contemplation that the ambit of the chauffeur's duty would not require him to be back at the shop until one o'clock, and that in the meantime at some place, presumptively his home, he would obtain his midday meal.   His employment was not changed, at least as a matter of law, by going to his home on this errand.   (*Pallocco* v. *Lehigh Valley R. R. Co.*, 236 N. Y. 110.)   To go at the usual time for a meal   *   *   * and to his home   *   *   *   are incidents of employment."

In the *Perlmutter* case the master was held not to be liable where the chauffeur drove for a mile to his home for the purpose of telling his wife that he would be out late.

In the present case the defendant's business was the selling of game and similar provisions to hotels and other consumers.   The chauffeur was called upon to begin work very early in the day and the hours of the actual deliveries to be made by him consumed the entire day.   That he went to lunch at a somewhat unusual hour does not under these conditions indicate that as a matter of law his stopping for lunch was not within the contemplation of the employment.   To go seventeen blocks in an automobile in the city of New York is a detour requiring not over ten or fifteen minutes of time.

As is stated by Judge ANDREWS in *Riley* v. *Standard Oil Co.* (231 N. Y. 301, 304): " No formula can be stated that will enable us to·solve the problem whether at a particular moment a particular servant is engaged in his master's business.   *   *   *   Considering the short distance and the little time involved, considering that the truck when it left the yards was loaded with the defendant's goods for delivery to its mill and that it was the general purpose·of Million to return there it is quite possible a question of fact would be presented to be decided by a jury."

There are some aspects of the testimony which throw doubt upon the correctness of the defendant's version of the facts which has been assumed herein.   It was for the jury to pass both upon the

correctness of this version and upon the further question whether the deviation, if it occurred, was so material as to constitute a frolic rather than a detour.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

All concur; present, GUY, McCOOK and PROSKAUER, JJ.