ANTONIO LISTORTI, as Administrator, etc., of JOSEPH LISTORTI, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

All concur, except Crouch and Taylor, JJ., who dissent in a memorandum by Taylor, J., and vote for reversal. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

TAYLOR, J. (dissenting). The jury might reasonably have found that after decedent had boarded defendant's train on the morning of March fourth, as and where ordered, he was to be told by his boss where he was to work that day, and that decedent was killed after he had arrived at the place where he was to take the train. The route he had taken to reach that place was immaterial. The servant who is on his master's premises on his way home after the day's work

is still in employment. (*Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *Pallocco* v. *L. V. R. R. Co.*, 236 N. Y. 110.) The servant who is on his way to work on board a vehicle furnished by his master (*Lindstrom* v. *N. Y. C. R. R. Co.*, 186 App. Div. 429; affd., 230 N. Y. 551; *Lamphere* v. *Oregon R. & Nav. Co.*, 196 Fed. 336; 21 A. L. R. 1223); or is walking on his master's premises on his way to work (*Knowles* v. *N. Y., N. H. & H. R. R. Co.*, 223 N. Y. 513), has entered employment. Decedent, when killed, was "under the control" of his employer; he was "in close proximity to the place of work and  *  *  *  was  *  *  *  approaching his work by a way which had been furnished or adopted by the employer as a usual and customary one." (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130.) He was "doing that which under his contract of employment he is bound to do.  *  *  *  The deceased, when he was killed, was not only on his way to work for his employer, but he was proceeding under the direct and peremptory command of the Railroad Company." (*Lamphere* v. *Oregon R. & Nav. Co.*, *supra.*) Under such circumstances, the mere extent of progress attained by the employee on his route should not furnish the test in defining employment under the statute requiring that to warrant a recovery in this action decedent must have been "employed by such carrier [defendant] in such [interstate] commerce." (U. S. Code, tit. 45, § 51.)█ The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event. Crouch, J., concurs.