## GLOVER v. UNION PAC. R. CO.
### No. 1030.

District Court, D. Idaho, E. D.

Dec. 22, 1937.

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

H. B. Thompson, of Pocatello, Idaho, for defendant.

CAVANAH, District Judge.

The only question we have to consider as presented by the demurrer is whether Lennis Glover, deceased, at the time of his injury which resulted in his death was engaged in or employed in interstate commerce within the meaning of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59. The question must be decided in the light of the particular facts appearing in the complaint with a view of determining whether at the time of Glover's injury he was an employee engaged in interstate business or employment or engaged in an act which is connected directly and immediately with such interstate business to form a part incident thereof. The facts alleged essential to the disposition of the question are in substance that the defendant was

at the time of the injury a common carrier of passengers and freight engaged in both intrastate and interstate business. Prior to and at the time of the injury Glover was employed by the defendant as a "Brakeman." Preceding the day of the injury which was on March 19, 1937, Glover served as a brakeman for the defendant on a trip from Bliss, Idaho, to Minidoka, Idaho, and continued to work upon the train until he arrived at Minidoka at 1:10 in the morning of March 19, 1937, and, upon arriving at Minidoka, he was notified by the defendant, through its crew dispatcher at Pocatello, Idaho, that he had been "bumped" or displaced from employment at Minidoka, and it became his duty as a brakeman upon defendant's train to return to Pocatello, his home terminal on the 19th of March, for the purpose of bidding in or exercising his seniority right and taking another train out of Pocatello, which he alleges he had a right to and was required to do under his contract of employment with the defendant. On the same day that he was displaced from employment and while having a pass from and being paid wages by the defendant he boarded the first freight train of the defendant at Minidoka to return to Pocatello, and while in the caboose another train of the defendant ran into the rear of the train which he boarded and wrecked and destroyed the caboose and injured him to such an extent that he died and his body practically consumed in flames.

The train on which he returned was engaged in interstate commerce.

The provision of the Federal Employers' Liability Act upon which the cause of action is based is section 51, title 45, U.S.C.A., and it is there provided: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

No difficulty should be had in determining what is the universal interpretation of the act by the courts, for we find that an employee is not engaged in his occupation when he is coming away from the place where his work is carried on, and off the premises of the employer, except when he is injured when in returning from his work to the point of departure in a vehicle engaged in interstate commerce then operated on the premises of the employer provided for him by the employer and pursuant to directions of the employer, and under such circumstances he and his employer are regarded as being engaged in interstate commerce and interstate transportation. Young v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 251.

Here it is alleged that Glover at the time of the injury was on his return to the point of departure at Pocatello where he left to make the run between Bliss and Minidoka, on a train then engaged in Interstate commerce, and on his return was on a train also engaged in interstate commerce, provided for him by the defendant employer, and was furnished a pass all during the time when he was being paid wages and when he was required to and acting in accordance with his contract of employment.

If Glover was directed to return to Pocatello on the train of the defendant immediately after he was "bumped" at Minidoka and was bound to do so under his contract of employment, he was still in the service of his employer, as there was no change in such relationship and he was not disassociated from being engaged in interstate commerce when he arrived at Minidoka. Lamphere v. Oregon R. & Nav. Co. et al., 9 Cir., 196 F. 336, 338, 47 L.R.A., N.S., 1. In the Lamphere Case Judge Gilbert says: "Must a fireman be actually in his place of duty on the locomotive of a train which is engaged in commerce between the states in order that he may be said to be employed in interstate commerce? If he is commanded to step down from his train and proceed across the track and take his place on another train engaged in interstate commerce and he is injured while

on the way, will it be said that he was not employed in interstate commerce when he received the injury? The case supposed is substantially the case which is now before the court."

The employment of Glover in interstate commerce began when he started from Pocatello to make a forward movement to serve in that traffic in the run between Bliss and Minidoka, and did not and until there was a complete disassociation therefrom under his alleged contract of employment and the facts alleged on his return to Pocatello. The return of Glover from his work in interstate commerce was, under the facts alleged, a continuation of the work he had to perform when he started from Pocatello and was not completed until he reported back at Pocatello for further instructions. Like his trip from Pocatello to be engaged in interstate commerce, it was a necessary incident to his work and so, when in returning on the train of the defendant to Pocatello, it was also a necessary incident of his employment. Richter v. Chicago, M. & St. P. Ry. Co., 176 Wis. 188, 186 N.W. 616.

█ It is fair to apply the principle recognized by the Supreme Court in this class of cases as announced in the case of New York Central & Hudson R. R. Co. v. Carr, 238 U.S. 260, 35 S.Ct. 780, 781, 59 L.Ed. 1298, where it is said: "Each case must be decided in the light of the particular facts with a view of determining whether, at the time of the injury, the employee is engaged in interstate business, or in an act which is so directly and immediately connected with such business as substantially to form a part or a necessary incident thereof."

An interesting opinion was written by Mr. Justice Cardozo when he was with the Court of Appeals of New York, in the case of Pallocco v. Lehigh Valley R. Co., 236 N.Y. 110, 140 N.E. 212, 213, where the question of whether the injured person was employed in interstate commerce, after repairing ties, in walking upon the track instead of between them and thus avoid danger; it was there said that "they do not show of themselves that there was an end of his employment. The journey across the yard would have been incident of the service if it had been made with care. That being so, it did not cease to be such an incident when made without care." So here, if when returning from work that was interstate commerce Glover was directed by the defendant to return to Pocatello on its

train and under his contract of employment he was required to report to the defendant there, and while doing so he was injured, that would not show of itself that there was an end of his employment, but a continuation of it. San Pedro, L. A. & S. L. R. Co. v. Davide, 9 Cir., 210 F. 870. The Court of Civil Appeals of Texas in a case where the facts are identical with the present case said (syllabus): "B., employed by defendant carrier as an 'extra' brakeman, at all times subject to call, with headquarters at C., paid for his services from the time he started on a trip till returned to C., having been sent out as a brakeman on a train engaged in interstate commerce, was, at the time of his injury, when being sent back on a pass to C., on a train of defendant engaged in interstate commerce, not a passenger, but an employé engaged in interstate commerce, so that action for his death therefrom is governed by the Federal Employers' Liability Act." St. Louis Southwestern Ry. Co. v. Brothers, 165 S.W. 488.

Under the facts alleged when applied to these principles, Glover is to be treated as having been employed in interstate commerce at the time of the injury, which requires the overruling of the demurrer.