In the Matter of the Claim of IDA KOWALEK et al., Respondents, against NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — free transportation of railroad employee — injury on his way home — when such employee mere passenger and not entitled to award under the statute.**

1. The Workmen's Compensation Law is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment.

2. Where decedent, who was an employee of an elevated railway and had finished his work for the day, went out upon a station platform with the intention and for the purpose of taking a passenger train to his home — the company permitting him to ride to and from his work upon the cars or trains without charge, although it was not obligated to transport him — he did not do so as an employee but as a prospective passenger, and where he was found dead upon the tracks a short distance from the platform, at a point where the general public or passengers had no right to be, his death having been caused by electrocution by contact with the third rail and fractures which he sustained, such injuries were received after decedent had left the place of his employment and did not arise out of and in the course of his employment.

*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 190 App. Div. 160, reversed.

(Argued October 4, 1920; decided November 16, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 14, 1920, unanimously affirming an award of the State Industrial Commission, made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Harold L. Warner* and *George D. Yeomans* for appellant. The employment of the deceased terminated when, after finishing his work and having no further duties to perform for his employer, he safely reached the station platform on his way home, his status from that time on being that of a passenger. (*Pierson* v. *Interborough R. T. Co.,* 184 App. Div. 678; 227 N. Y. 666; *Matter of McInerny* v. *B. & S. R. R. Corp.,* 225 N. Y. 130; *Matter of Devoe* v. *N. Y. St. Rys. Co.,* 218 N. Y. 318; *Matter of Ames* v. *N. Y. C. R. R. Co.,* 178 App. Div. 324; *Matter of McCabe* v. *B. H. R. R. Co.,* 177 App. Div. 107.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondents. The accidental injuries received by the claimant arose out of and in the course

of his employment.  (*Bylow* v. *St. Regis Paper Co.*, 179 App. Div. 555; *Gane* v. *Norton Hill Colliery Co.*, 2 B. W. C. C. 42; *Kiernan* v. *Friestedt Underpinning Co.*, 171 App. Div. 539; *Baltimore C. F. Co.* v. *Ruzicka*, 104 Atl. Rep. 167; *Douglas* v. *U. M. M. Co.*, 2 W. C. C. 15; *Pomfret* v. *L. & Y. Ry. Co.*, 19 L. T. R. 649; *N. C. R. R. Co.* v. *Zachary*, 232 U. S. 248; *M., etc., R. Co.* v. *Rentz*, 162 S. W. Rep. 959; *Huxoll* v. *U. P. R. Co.*, 155 N. W. Rep. 900; *B. & O. R. R. Co.* v. *Whitacre*, 92 Atl. Rep. 1060; *Padgett* v. *S. A. L. R. Co.*, 236 U. S. 668.)

COLLIN, J.  The state industrial commission decided that Max Gottesfeld died from injuries received as an employee of the appellant,· New York Consolidated Railroad Company, under conditions making the Workmen's Compensation Law (Cons. Laws, chapter 67) applicable.  Their award has been unanimously affirmed by the Appellate Division.  We are to determine whether or not the facts as found by the commission uphold the award.

His employment was flagman of the railroad company, which was engaged in the business of local transportation in New York city.  His employment included, as overtime work, duty at times as train guard.  On the date of the injuries he completed in the evening his day's work as flagman, returned to the passenger station and there reported to the train dispatcher for overtime work and was assigned as a guard on a train.  He made one run or trip and again reported to the train dispatcher and was not given another assignment.  He then signed up his time for the day, said good night to the train dispatcher and went from the office of the train dispatcher upon the passenger platform of the station with the apparent intention of taking a train for his home.  It was the practice of the company to permit employees to ride to and from their work upon the cars or trains of the company without charge.  About ten minutes after he went from

the dispatcher's office upon the passenger platform his dead body was found, about one hundred feet from the platform's end, between the third rail and the running rail of the railroad.  His death was caused by electrocution, due to contact with the third rail, and fractures which he sustained.  The railroad at the place where the body was found and at this location was the private right of way of the railroad company upon which the general public or the passengers of the railroad had not the right to be.  Between the time he went upon the platform and the time his body was found a train left the platform in the direction of the decedent's home.

The death of Gottesfeld resulted from an accidental injury.  In case the injury arose out of and in the course of the employment the determination of the industrial commission is right.  (Workmen's Compensation Law, sections 2, 3 and 10.)  We are thus brought to the question whether or not, under the facts as found, the injury arose out of and in the course of the employment. The decedent went, at the termination of his actual work for the day, from the office of the train dispatcher upon the passenger platform at the station.  It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, compensation must be awarded.  The going to and from the actual work and the risk involved in it are reasonably incidental to the employment.  The rule, however, is not applicable to the facts in the instant case.  The decedent went and was upon the passenger platform with the intention and for the purpose of taking a passenger train from it to his home.  The company permitted him to ride to and from his work upon the cars or trains without charge.  The contract of employment did not obligate the company to transport him.  In enjoying or exercising the permis-

sion he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began. It did not contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee. (*Vick* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 267; *Donovan's Case*, 217 Mass. 76; *Fumiciello's Case*, 219 Mass. 488; *Diaz* v. *Warren Bros. Co.*, 111 Atl. Rep. 206; *Swanson* v. *Latham*, 92 Conn. 87; *Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Nolan* v. *Porter & Sons*, 2 W. C. C. 106; *Hebert* v. *Portland Railroad Company*, 103 Me. 315; *Harrison* v. *Central Construction Corporation*, 108 Atl. Rep. 874.) When the decedent went and was upon the station platform he was there, under the permission of the company, for the purpose of taking immediate passage on a train. The platform was open to and was occupied and used by the general public for that purpose. It was as public as the street which led to it. The decedent did not stand as an employee, even as he would not had he stepped from the office of the train dispatcher upon the street, and there stood for the purpose of taking passage upon a street car. The danger to which he was there exposed existed as to all persons who exercised the common privilege of going there for the purpose of being transported. It was neither connected with nor increased by the hazards of the actual duties of the employment. He had the right to be upon the platform and take the train for his home as a member of the public and the risks of injury in those acts were those to which every person performing them was subject.

The risk to the decedent as an intending passenger, or as a passenger, was that to which he would have been equally exposed apart from his employment. The statute is not applicable to an injury which arises through a danger or hazard dissociated from or not inherent in the nature of the employment as its source and to which the employee would have been equally exposed apart from the employment. This conclusion is not affected by the fact that the employee would not, except for the employment, have been where such danger or hazard existed. An injury does not arise out of the employment unless the hazard causing it is, within rational apprehension, an attribute of or peculiar to the specific duties of the employment. The fact that the contract of employment exists and necessitates the acts of performance may or will occasion for the employee risks not reasonably incidental to the character of the work or employment. For the injuries caused by or flowing from those risks the statute does not direct or permit compensation. (*Myers* v. *Louisiana Ry. & Nav. Co.*, 140 La. 937; *Hewitt's Case*, 225 Mass. 1; *Donahue's Case*, 226 Mass. 595; *Fumiciello's Case*, 219 Mass. 488; *Ross* v. *John Hancock Mutual Life Ins. Co.*, 222 Mass. 560; *McNicol's Case*, 215 Mass. 497; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, 152; *Matter of DeVoe* v. *New York State Railways*, 218 N. Y. 318; *Dennis* v. *White & Co.*, 1917, A. C. 479; *Williams* v. *Sir C. G. A. Smith*, 6 Butterworth's W. C. C. 102; *Thier* v. *Widdifield*, 178 N. W. Rep. 16; *Griffith* v. *Cole Bros.*, 183 Iowa, 415.) The death in the case at bar did not result from an injury arising either out of the employment or in the course of the employment.

The order of the Appellate Division and the award of the state industrial commission should be reversed, and the claim dismissed, with costs against the industrial commission in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in the result

on the ground that whether we look to the evidence or the findings, the only permissible inference is that the claimant's intestate was injured after he had left the station, and at a time when he was no longer in the course of his employment.

Order reversed, etc.