ANNIE TALLON, as Administratrix of the Estate of JAMES P. TALLON, Deceased, Appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

Negligence — railroads — Workmen's Compensation Law — when employee of railroad killed while riding to his work on one of employer's trains, on a free pass, a passenger — when accident not one arising out of and in course of employment within meaning of Workmen's Compensation Law.

Where an employee of defendant whose duty it was to report for work at one of its stations, where his actual employment began, was killed in a collision two blocks distant therefrom while he was riding on one of the defendant's trains on his way to his work, the fact that he had received a pass upon which he was riding and had not paid a cash fare does not change the existing fact that his employment commenced at the station at the time of the reporting. The accident did not arise, therefore, out of and in the course of his employment within the meaning of the Workmen's Compensation Law, his dependents had no remedy thereunder, and a dismissal of the complaint in an action brought by his administratrix to recover damages for the negligence causing his death, on the ground that the only relief for

plaintiff and her children was under the Workmen's Compensation Law, was error. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369, 371, distinguished; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489, 492, followed.)

*Tallon* v. *Interborough Rapid Transit Co.*, 193 App. Div. 772, reversed.

(Argued December 15, 1921; decided January 24, 1922.)

APPEAL from a judgment entered November 17, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*John C. Robinson* for appellant. The Workmen's Compensation Law does not apply, for the reason that the injury which resulted in Tallon's death did not arise " out of and in the course of " his employment. (*Matter of Kowalek* v. *N. Y. Cons. Ry.*, 229 N. Y. 489; *Pierson* v. *Interborough R. T. Co.*, 102 Misc. Rep. 130; 184 App. Div. 679; 227 N. Y. 666; *Matter of Schultz* v. *Champion Welding Co.*, 230 N. Y. 309; *Matter of Di Salvio* v. *Menihan*, 225 N. Y. 123; *Matter of McInerney* v. *B. & S. R. R.*, 225 N. Y. 130; *Matter of Daly* v. *Bates*, 224 N. Y. 126; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Roth* v. *Adirondack Co.*, 193 App. Div. 303.)

*Martin E. Burke* and *James L. Quackenbush* for respondent. The decision of the Appellate Division should be affirmed, as plaintiff's sole remedy was compensation. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Matter of Kowalek* v. *New York Cons. R. Co.*, 229 N. Y. 489.)

CRANE, J. James P. Tallon was in the employ of the defendant as a guard on one of its trains. On the 21st day of October, 1919, he was on his way to work, being in full uniform, riding in one of the defendant's passenger trains, having gained entrance thereto by means of a pass which he had received at the time of his employment. He lived at 469 East One Hundred and Forty-sixth street in the borough of Manhattan, city of New York,

and it was his duty to report for work at the defendant's station at One Hundred and Seventy-seventh street and Third avenue at 6.43 A. M. and to start out as guard on a train leaving that station at 6.53 A. M. At One Hundred and Seventy-fifth street a collision occurred in which Tallon was killed.

His wife, the plaintiff and administratrix, brought this action to recover damages for the negligence causing his death, claiming that the deceased was a passenger upon the defendant's train and not an employee within the meaning of the Workmen's Compensation Law. The defendant insisted by its answer and on the trial that Tallon was injured in an accident arising out of and in the course of his employment and that this action could not be maintained. The trial judge ruled as a matter of law that the deceased was a passenger and, the negligence being admitted, left to the jury solely the question of damages. The judgment for the plaintiff entered upon the verdict of the jury has been reversed by the Appellate Division and the complaint dismissed on the ground that the only relief for the plaintiff and her children is under the Workmen's Compensation Law, as Tallon at the time of the accident was within the terms and provisions of the law, *i. e.,* that he was injured in an accident arising out of and in the course of his employment. Two of the justices of the Appellate Division dissented from this view.

Tallon was riding to his work. His actual employment did not begin until he had arrived at One Hundred and Seventy-seventh street and Third avenue. His time for reporting was 6.43 A. M., and his pay did not begin until then. At 6.30 A. M. he was killed at One Hundred and Seventy-fifth street, two blocks away from the place where he was to report for work, and thirteen minutes before his reporting time. Under ordinary conditions and circumstances, Tallon's actual employment did not commence until he had reported at the place where he was to commence work. The defendant claims that

Tallon's employment commenced when he boarded its passenger train on his way to go to work and that the collision, occurring while he was thus riding, was an accident arising out of and in the course of his employment. The point, if any, of this claim of the defendant is the fact that Tallon had received a pass upon which he was riding and had not paid a cash fare.

The passenger trains of the defendant were public conveyances. Anybody and everybody had a right to ride in them upon paying the fare. Tallon was not obliged to use these trains in going to his work under any agreement with the defendant. He could have traveled by any other conveyance or could have walked. I take it that if he had entered the train as other passengers and paid his five-cent fare, the defendant would not claim that his employment had commenced. What change in relationship is created by the alleged agreement that the pass was part of the compensation paid to Tallon for his services? It was not part of his compensation for riding to his work. It at most would be compensation for doing his work after he had arrived at One Hundred and Seventy-seventh street and Third avenue. Suppose that the defendant instead of issuing a pass had paid to Tallon extra compensation of ten cents a day for his carfare. Would this have caused the employment to commence when he boarded a car to go to work if it were a car or vehicle belonging to a stranger? If not what difference would it make that the train or car taken by Tallon belonged to the defendant? The cardinal underlying fact is that Tallon's employment did not actually begin until he reported for work at One Hundred and Seventy-seventh street and Third avenue. He had to get there, and get there on time, and to facilitate his arriving on time the defendant gave him the right to ride in its passenger trains free of charge, but I cannot see how this in any way changes the reality, the existing fact, that the employment commenced at One Hundred and Seventy-

seventh street and Third avenue at the time of reporting. It would cause no such change, had Tallon paid his fare on defendant's train or had ridden in another conveyance, the defendant paying his fare. The pass alone, even though it be part of his compensation, cannot create a fictitious relationship.

Now this case differs materially from those cases where the employer in order to get his employees to and from their work, provides conveyances exclusively for their use which in no sense are public conveyances and in which the employees undertake to ride as part of their contract of employment in going to and from their work.

Such a case was *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369, 371). In the opinion it was said: " The vehicle was provided by the employer for the specific purpose of carrying the workmen to and from the place of the employment and in order to secure their services. * * * The day's work began when he (this employee) entered the automobile truck in the morning and ended when he left it in the evening. * * * The case would be different if at the time of the accident claimant had been on the railroad train on his way to or from Great Neck."

*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489, 492) is in accordance with the principles here expressed. In that case the deceased was permitted to ride to and from his work upon the cars or trains of the defendant without charge. Such fact, however, was not a controlling incident. It was but an incident of the case. The controlling element in the case was the point whether or not the deceased at the time he fell from the platform was actually in the employ of the railroad company or had ceased and terminated his work for the night. Judge COLLIN there said in reference to the pass: " In enjoying or exercising the permission he adopted his own will and choice and served his own convenience. The company was indifferent as to the way or means by which he reached the place where the day's work began. It did not

contract that he should ride to and from work or pay him for the time through which he was riding. The transportation was not an incident of the employment. The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate. If they do not so stipulate, the employee when he enters into the process of the transportation is not under the hiring or control or in the employment of the employer and is not the employee."

In line with the ruling which we are here making, I also find the cases of *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678; affd., 227 N. Y. 666); *Matter of McInerney* v. *Buffalo & S. R. R. Corp.* (225 N. Y. 130); *Matter of Schultz* v. *Champion W. & Mfg. Co.* (230 N. Y. 309); *Langley* v. *Boston Elevated Ry. Co.* (223 Mass. 492); *Stewart & Son* v. *Longhurst* (Law Reports, 1917, A. C. 249).

I am, therefore, of the opinion that the accident which resulted in Tallon's death did not arise out of and in the course of his employment within the meaning of the Workmen's Compensation Law, and that the plaintiff, therefore, has no remedy under its provisions.

The judgment of the Appellate Division must be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

McLAUGHLIN, J. (dissenting). I am of the opinion that at the time of the collision Tallon occupied the status of an employee and, therefore, relief should have been sought under the Workmen's Compensation Law.

At the time of the accident he was riding on a pass which entitled him to free transportation to and from his work. Such transportation was an incident of the employment. It was a part of the contract of employment and enforcible by him as such.

The facts bring the case directly within the principle laid down in *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369).

There, a bricklayer was injured in an accident to an automobile truck which was furnished by his employer to carry him and other workmen from a railroad station to and from a building which they were constructing. It was held the injury arose out of and in the course of his employment and that " the day's work began when he entered the automobile truck in the morning and ended when he left it in the evening."

It is sought to distinguish that case from this by reason of the fact that the automobile had been furnished for the specific purpose of carrying the workmen to and from the place of employment, while here others beside Tallon were permitted to ride in the coach in which he was at the time of the accident. But what possible difference can it make if free transportation be an incident of the employment, whether others are permitted to ride in the same conveyance? The underlying feature in each case is that free transportation is an incident of the employment. The transportation is the same whether it be in a private or public conveyance.

The case is much like Donovan's Case (217 Mass. 76). There, Donovan was employed by one McGreevy in cleaning out catch basins about two miles from his home. It had been and was his custom, in common with other employees, and with the knowledge and consent of his employer, to ride to and from the vicinity of the catch basins in a wagon furnished by his employer, the wagon meeting the employees on the street at the beginning of the day. It was also at the service of the employees at the end of the day, that they might ride in it back to the employer's barn if they wished. Donovan was injured while so riding in this wagon at the end of his day's work. It was held the transportation was incidental to the employment and, therefore, arose " out of and in the course of said employment."

The decisions in the Littler and Donovan cases are in harmony with the English decisions. In Holmes v.

*Great Northern Ry. Co.* (1900, 2 Q. B. 409) an engine cleaner who had been employed by the railway company at one fo its stations was directed by his employer to work in a new engine shed some distance away, to which place workmen were conveyed by the railway company free of charge in one of its trains, reaching the station where they were to work a short time before the hour of commencing, and at the close of the day's work being taken back free of charge. It was held the employment of the workman commenced when he got into the train to be conveyed to his work, and not on his arrival at the place where he was to work, and that the accident arose out of and in the course of his employment.

In *Stewart & Son* v. *Longhurst* (Law Reports, 1917, A. C. 249) a carpenter who was employed in repairing a barge, after finishing his day's work, started to walk along the quay to the dock gates, fell therefrom and was drowned. The dock was private property, but the employees had permission to pass through it, free of charge, on their way to and from the barge. It was held that inasmuch as the employee was on the premises by virtue of his contract of service, that the accident arose out of and in the course of his employment.

In *Cross, Tetley & Co.* v. *Catterall* (unreported), cited with approval by Lord FINLAY in *Stewart & Son* v. *Longhurst* (*supra*), the colliery in which the employee was engaged was approached by a bridge built by the employers over a canal for the convenience of the workmen, and the workman fell into the canal from the bridge while going to work. Lord HALSBURY said in giving his opinion: " I do not agree that his employment only begins at the moment he strikes the coal with his pick. I think the man was really in the employment the moment he reached the bridge. He was doing something on his master's behalf; that is to say, he was on his way to the colliery for the purpose of working."

27

In *Cremins* v. *Guest, Keen & Nettlefolds* (Law Reports, 1908, 1 K. B. 469) colliers who resided some six miles away from the colliery where they were employed were conveyed every morning by a train composed of carriages belonging to the employers, but driven by the railway company, to a platform a quarter of a mile away from the colliery. The platform was erected by the employers on land belonging to the railway company, for the use of the colliers. The colliers walked from the platform along the highroad to the colliery. In the evening a similar train conveyed the colliers from the platform to their homes. The colliers were conveyed free of charge and it was an implied term of the contract of service that colliers should have the right to travel to and fro without charge. One of the colliers was knocked down and killed while waiting on the platform for the return train. It was held the accident arose out of and in the course of the employment.

Nor do I think *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678; affd., 227 N. Y. 666) or *Matter of Kowalek* v. *New York Cons. R. R. Co.* (229 N. Y. 489) upon which appellant chiefly relies, at all in conflict with the views above expressed.

In the *Pierson* case Pierson was a guard on one of defendant's passenger cars. On arriving at a terminal station he was relieved and another guard took his place. He then had two hours before resuming work. On reaching the terminal he walked out of the train of which his car had been a part, up to the front car, boarded it, sat down and remained until the accident occurred. He was, at the time of the accident, on his way to keep a personal appointment with his dentist. Obviously, the injury to him did not arise out of or in the course of his employment.

In the *Kowalek* case the decedent was an employee of the elevated railway company, had finished his work for the day, went out upon a station platform for the purpose and with the intention of taking a passenger

train to his home.   The company permitted him to ride to and from his work upon trains or cars without charge, although it was not obligated to transport him; in other words, free transportation was not incidental to his employment.   He went upon the platform, not as an employee, but as a prospective passenger.   He was found dead upon the tracks a short distance from the platform, at a point where the general public or passengers had no right to be.   His death was caused by coming in contact with the electric rail.   It was held his death did not arise out of or in the course of his employment.   But Judge COLLIN, in that case, took pains to point out, in the course of the opinion delivered by him, that if the transportation had been an incident of the employment, a different result might have been obtained.   He said:  " The contract of employment did not obligate the company to transport him.  *  *  *  It did not contract that he should ride to and from work or pay him for the time through which he was riding.   The transportation was not an incident of the employment.   The employment continues throughout the transportation in case the parties by their contract of hiring positively or inferentially so stipulate.   If they do not so stipulate, the employee, when he enters into the process of the transportation, is not under the hiring, or control, or in the employment of the employer, and is not an employee."   (p. 492.)

Here, as I have pointed out, the transportation was an incident of the employment.   It was a part of the contract of hiring.   This being so, it seems to me the employment commenced when the decedent entered the car to go to the place where he was to work.

I, therefore, dissent and vote to affirm the order of the Appellate Division.

HOGAN, CARDOZO and ANDREWS, JJ., concur with CRANE, J.; McLAUGHLIN, J., reads dissenting opinion and HISCOCK, Ch. J., and POUND, J., concur.

Judgment reversed, etc.