In the Matter of the Claim of MARY McMAHON, Respondent, against B. T. & J. J. MACK, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 4, 1927.

Workmen's compensation — injury arising out of and in course of employment — decedent employed on Williamsburg Bridge in laying cables was required to report for work at end of bridge — work train took employees to point where work was in progress — decedent failed to report on time and was walking over bridge on railroad tracks when killed — injuries did not result solely from intoxication — decedent was not in course of his employment at time of accident.

The deceased employee was engaged in laying cables across Williamsburg Bridge in New York city. He was required to report at twelve-thirty A. M. at the end of the bridge, from which place he, with other employees, were to be taken by train to the point on the bridge where the work was in progress. On the night of the accident he did not report on time and after changing into his working clothes, apparently walked out onto the bridge along the railroad tracks for the purpose of reaching the point where the work was in progress and he was found sometime later lying dead between the rails of one of the tracks, having apparently been struck by a train. The evidence supports the finding of the State Industrial Board that the injuries did not result solely from the intoxication of the decedent.

The decedent was not, at the time of the injury, in the course of his employment, for at the time of the accident he was not on the payroll, having reported late for work that night, and furthermore, the facts show that there was but one means afforded by the employer by which employees could reach their place of work, and that was by means of a train supplied by the employer, and, therefore, the decedent had no choice of route and was not, at the time of the accident, exercising a legitimate choice. Furthermore, the place where the accident occurred was not on the premises of the employer or where the decedent would have been employed had he been on duty.

APPEAL by B. T. & J. J. Mack, Inc., and another from an award of the State Industrial Board made on the 5th day of April, 1926.

*Lawson R. Jones* [*Ralph B. Romaine* and *Paul R. James* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondent.

McCANN, J. Claimant's intestate was employed by B. T. & J. J. Mack, Inc., contractors, who were engaged in laying cables for the Brooklyn and Manhattan Transit Company, the tracks of which company cross Williamsburg Bridge located between New York city and Brooklyn. Running parallel with and on a level eight or

nine feet lower, are the tracks of the Third Avenue Railroad Company. Access from the upper to the lower level was by means of ladders built as part of the bridge structure. On August 7, 1925, claimant's intestate was employed with a gang of men in the work above referred to. He had worked until four P. M., when the men were relieved from duty and were directed by their foreman to report back for work at twelve-thirty A. M. on the following morning. Such report was to be made to their foreman at the quarters used as a storeroom at the end of the bridge on Essex street in New York city. A work train was to leave that point at one A. M. and run out on the bridge to the place where the work was in progress and the men were required to report at said place in order to change their clothes, preparatory to going to work and taking such work train. The time of the men who reported at said place began at twelve-thirty A. M. and they were paid on an hourly basis — the time being figured to the minute. This work train left on the night in question about five or six minutes after one o'clock. Claimant's intestate did not report until after the work train had departed. A fellow-employee named Lober testified that he reported at eight minutes after one at the Essex street storeroom and that he saw McMahon there changing his clothes. Lober left the storeroom in advance of McMahon, with the intention of walking out on the bridge to the place of work but instead he boarded a local bridge car. The next person who saw McMahon was a policeman. They met about 300 feet from the New York entrance to the bridge and McMahon stated to him that he had missed the work train. At that point the policeman and McMahon were about 1,000 feet from the place where the work was in progress and the policeman testified that he saw McMahon start to walk along the Third avenue tracks. It appears that these tracks and also the tracks of the Brooklyn and Manhattan Transit Company had been used by pedestrians traveling back and forth, but that the Third avenue tracks were preferred for this use on account of the fact that the tracks of the Brooklyn and Manhattan Transit Company were more dangerous by reason of the third rail system used. McMahon was next seen at about one-twenty-five A. M. when he was found lying between the rails of the Third avenue tracks. The appearance of his body indicated that he had been struck by a train and evidence of blood and pieces of his clothing were found on a train of the Third Avenue railway.

A claim was presented against the employer for compensation and a memorandum was written by each of the members of the Industrial Board. They were not unanimous as to whether decedent was at the time of the accident in the course of his employment.

However, an award was finally made and it is from that award that this appeal is taken. Two questions are presented here: (1) That the accident which caused intestate's death did not arise out of and in the course of his employment; (2) that the accident was solely occasioned by his intoxication.

The latter objection raises a question of fact which we believe to have been properly determined by the Industrial Board, which found that the injuries in question " did not result solely from the intoxication of said James McMahon while on duty."

The general rule of liability is laid down in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) where it is held that the accident must arise not only out of the employment but during the course of the same and that the words " arising out of " and " in the course of the employment " are conjunctive. (See Workmen's Compensation Law, § 10.)

The evidence shows that at the time of the accident decedent was not in the course of his employment. His work was of a special nature. It would have started at twelve-thirty A. M. had he reported on time. The work was being done at night because there was less interference from traffic on the Brooklyn and Manhattan Transit railroad. In a memorandum made by Chairman Perkins, the following appears: " The evidence indicates that the employer left to the claimant a choice as to whether or not he might use the tracks of the Third Ave. R. R. Co., or the tracks of the B.-M. T. in reaching his place of employment. The evidence further indicates that it was the custom of the *employees* to use either one or the other."

There is no evidence to sustain this statement. There was no " choice of routes " left to intestate. This was special work and a work train had been provided to carry the men to their work. The employees had been instructed as to the time when this work train would leave the New York end of the bridge and the only choice of route to the employees to get to the work was by such special work train. The fact that both routes had been used at times by pedestrians does not justify the conclusion that the employer here had indicated either of those two routes as a choice for claimant's intestate. This decedent never reached the work in question. He did not report for work at the time requested; he was not on the payroll for that night. There is some testimony by Lober that he reported late and was put on the payroll that night and paid, but in his case services were actually rendered by him. There is testimony that if decedent had reported late he " possibly " might have been placed on the payroll and given credit for " the full night," but this is far fetched in establishing the fact

that he was actually in the course of his employment at the time of the accident. No authorities have been cited by the respondent. The chairman of the Industrial Board refers to the case of *Cudahy Packing Co.* v. *Parramore* (263 U. S. 418). That case is distinguishable. In that case (which arose under a statute of the State of Utah) there was a provision to the effect that the accident must arise out of *or* in the course of the employment. This distinguishes it from the case of *Matter of Heitz* v. *Ruppert (supra)*. It may well be said that in the present case the accident arose out of the employment but it cannot be said that it arose during the course of such employment. In the *Cudahy Packing Co.* case there was only one practical way of ingress and egress along the road and across the railroad tracks which were customarily used as the approach to the plant in question, and it was on this railroad that the claimant was killed about seven minutes before the time when his services were to begin. In the present case, however, there was no stationary plant; there was no public way provided for approach to that portion of the bridge where this work was being done; the work shifted from one part of the bridge to another part; special means of transportation by train had been provided by the employer for the employees. It was not a question of " customary use " or of " indicating a choice of approach." An approach by means of a special work train had been provided.

The appellants cite and discuss many of the leading cases and, in anticipation of finding them cited on respondent's brief, have sought to distinguish a few of them. The case of *Tallon* v. *Interborough Rapid Transit Co.* (232 N. Y. 410) is a case in which the facts are quite similar to the case at bar. In that case an award was denied. One of the most recent cases is *Matter of Lynch* v. *City of New York* (242 N. Y. 116). The distinction there is emphasized that the employment did not cease when the claimant left the hospital. " It was continuous and continued while she was on the island leaving and returning thereto *over the route provided by the employer for such purposes, the customary and practical way of ingress and egress.*" In *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.* (229 N. Y. 489) it is said: " It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment *by a way provided by the employer* or reasonably used by the employee, compensation must be awarded."

The points to be emphasized in the present case are: (1) That the route used by intestate was not the one provided by the employer for the employees; (2) the place where the accident occurred was not the premises of the employer, nor where the

employee would have been employed had he been on duty. (3) a specified route and method of travel had been provided;

The award should be reversed and the claim dismissed on the ground that the decedent at the time of the accident was not in the course of his employment, with costs against the State Industrial Board.

VAN KIRK, Acting P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.