In the Matter of the Claim of John J. De Cicco, Respondent, against Rubel Corporation and Another, Appellants. State Industrial Board, Respondent.— Appeal from an award of the State Industrial Board for disability covering a period of five weeks. The employer is a manufacturer of ice, the principal place of business being 935 Fulton street, Brooklyn. Claimant was an auditor. He had been in the employer's service for five years, was a six-day worker receiving thirty-five dollars per week. His hours of commencing work were irregular, depending on the place where he worked, ranging from one o'clock until five o'clock in the morning. The company furnished the employee with an automobile which had been " assigned " for his use in traveling to his places of employment. The company had a garage and repair shop and whenever the car needed repairs claimant would tell the foreman and the foreman would assign a mechanic therefor. For five or six months claimant had been keeping

the car in front of his home at 2403 Benson avenue, Brooklyn. On the morning of September 1, 1933, he left his house to go to work. The car, which was in front of the house, would not start; he attempted to crank it and sustained a hernia for which the award has been made. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser and Bliss, JJ., concur; Rhodes and McNamee, JJ., dissent and vote to reverse on the ground that transportation was not a part of the contract of employment. (*Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489; *Matter of Schultz* v. *Beaver Products Co.*, 250 id. 565; *Matter of Schultz* v. *Champion Welding & Mfg. Co.*, 230 id. 309. See, also, *Matter of Chetney* v. *Manning Co.*, 273 id. 82, and *Van Gee* v. *Korts*, 252 id. 241.)