John R. PARKER, Jr., Plaintiff-Appellee,

v.

The LONG ISLAND RAIL ROAD COMPANY, Defendant-Appellant.

No. 377, Docket 33570.

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1969.

Decided Feb. 17, 1970.

Norman Jay Itzkoff, New York City (George M. Onken, Jamaica Station, N. Y., on the brief), for appellant.

Samuel Brill, New York City (Abraham S. Robinson, New York City, of counsel, Lewis I. Wolf and Edward R. Koudelka, New York City, on the brief), for appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judges.

John R. Parker, Jr., an employee of the Long Island Railroad Company, was injured in a fall on stairs at a passenger station of the railroad while on his way home from work and brought suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., in the United States District Court for the Eastern District of New York. The jury, under instructions by Chief Judge Mishler, found that the injury occurred in the course of employment, was due to defendant's negligence, that plaintiff was negligent to the extent of 15% and was damaged in the amount of $20,000 and returned a verdict for plaintiff in the amount of $17,000. From judgment on the verdict and from denial of motions to set aside and for directed verdict defendant railroad appeals. We find no error and affirm the judgment.

Parker, a track maintenance crew apprentice foreman in the employ of the Long Island Railroad Company, according to evidence which the jury could have credited, left a railroad tower of his employer, his normal place of reporting, at Hicksville, early on a summer evening after completing reports required in his employment. He walked some 2,000 feet on a public street on or along the railroad right of way to a passenger station maintained by the railroad, to take a train to his home, and was injured in a fall on a station stairway due to inadequate lighting. Parker was provided by the railroad with a pass which he was permitted to use not only to travel in connection with his track maintenance work, but also to commute to and from his home in Brooklyn, some 40 miles from the Hicksville tower. The court held that the question of employment at the time of the injury was for the jury and that the jury might consider the free pass, that the accident was on railroad property, and the evidence as to whether the railroad was the only practical way to travel, in determining whether the travel home was related to employment.

While Chief Judge Mishler arrived at this ruling only after expressing considerable doubt, we are of the opinion that he reached the correct conclusion. In these F.E.L.A. cases and related Jones Act cases, the role of the jury is as important and determinative as in any field of tort law. See Baker v. Texas & Pacific Ry., 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756 (1959); Rogers v. Missouri Pacific R.R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521,

77 S.Ct. 459, 1 L.Ed.2d 515 (1957) ; Gallick v. Baltimore & O. R.R., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963) ; Powers v. New York Cent. R.R., 251 F.2d 813, 816, 76 A.L.R.2d 1207 (2d Cir. 1958)

■ Ordinarily travel to and from work is not considered within the time of employment under this Act or under state Workmen's Compensation acts.[1] However, whether a train trip to the employee's home would be considered in the course of employment if it was unreasonable to expect him to travel by other means was left open in Young v. New York, N. H. & H. R.R., 74 F.2d 251, 253 (2d Cir. 1934). Here, the jury could find that the employee was an acting foreman in track maintenance, subject to call in emergencies, and lived at such a distance from the tower where he usually was required to report that it was not economically feasible for him to continue the employment if he was not furnished the free railroad travel.

It is argued that time traveling home was not compensated for, and hence not time when Parker was employed. This is indeed a factor which may be considered, but the argument is somewhat weakened by the fact that Parker was not compensated either for the time making out the reports in the tower, which, if performed, was concededly in the course of employment.

■ The jury could have found that at Parker's pay rate, $128 a week, and travel to and from his home of 80 miles a day, it would be unreasonable to expect him to furnish his own transportation. This is not to say that ordinarily employer-paid transportation between home and work is in the course of employment, but where, as here, the employer has an interest in availability of the man for emergencies, the jury was not necessarily barred from finding the travel to be in the course of employment. We cannot say that a trier could not with reason conclude that the travel was so essential to the master's work as to be considered within the course of employment.

Judgment affirmed.

FRIENDLY, Circuit Judge (dissenting) :

Parker reported back to the railroad tower around 4:40 P.M. on the day of the accident and his hourly wages ended at that time. He somehow managed to take until 7:30 or 8 P.M. to change his clothes and fill out a few forms; there was evidence to suggest that some portion of the lengthy interval was spent in the absorption of alcohol to assuage the summer heat. Having finally decided to go home, he sauntered some eight city blocks down Broadway and Hicksville Road to the Long Island passenger station. When he mounted the stairs to board a train, he was doing so in no different capacity from any other prospective passenger, save only that he could travel without charge. For a description of his status then it would be impossible to improve upon Judge Collin's analysis in Matter of Kowalek v. New York Consolidated R.R., 229 N.Y. 489, 493–494, 128 N.E. 888 (1920), a compensation case:

When the decedent went and was upon the station platform he was there, under the permission of the company, for the purpose of taking immediate passage on a train. The platform was open to and was occupied and used by the general public for that purpose. It was as public as the street which led to it. The decedent did not stand as an employee, even as he would not had he stepped from the office of the train dispatcher upon the street, and there stood for the purpose of taking

1. Sassaman v. Pennsylvania R. R., 144 F. 2d 950 (3 Cir. 1944) ; Metropolitan Coal Co. v. Johnson, 265 F.2d 173 (1 Cir. 1959) ; Quirk v. New York, C. & St. L. R. R., 189 F.2d 97 (7 Cir.), cert. denied, 342 U.S. 871, 72 S.Ct. 105, 96 L.Ed. 655 (1951) ; Tallon v. Interborough Rapid Transit Co., 232 N.Y. 410, 134 N.E. 327, 21 A.L.R. 1218 (1922) ; Kowalek v. New York Consolidated R. R., 229 N.Y. 489, 128 N.E. 888 (1920).

passage upon a street car. The danger to which he was there exposed existed as to all persons who exercised the common privilege of going there for the purpose of being transported. It was neither connected with nor increased by the hazards of the actual duties of the employment. He had the right to be upon the platform and take the train for his home as a member of the public and the risks of injury in those acts were those to which every person performing them was subject. The risk to the decedent as an intending passenger, or as a passenger, was that to which he would have been equally exposed apart from his employment.

To hold that on these facts a jury might permissibly find that Parker was injured in the course of his employment puts us in direct conflict with the courts of appeals of three other circuits. Sassaman v. Pennsylvania R. Co., 144 F.2d 950 (3 Cir. 1944) (Jones, J. for the court *in banc*); [1] Quirk v. New York, C. & St. L. R.R., 189 F.2d 97 (7 Cir.), cert. denied, 342 U.S. 871, 72 S.Ct. 105, 96 L. Ed. 655 (1951); Metropolitan Coal Co. v. Johnson, 265 F.2d 173 (1 Cir. 1959). None of the four Supreme Court cases cited by the majority bears any resemblance to this one. Neither does Powers v. New York Central R.R., 251 F.2d 813, 817, 76 A.L.R.2d 1207 (2 Cir. 1958), where the employee, on leaving work, fell off a bulkhead on railroad property only a short distance from the shack where he changed his clothes. While plaintiff has cited a quantity of cases, they have been so plainly distinguished by the railroad's counsel that the majority rightly does not even mention them.

The sole factor relied upon by the majority is that Parker possessed a pass issued to "John Parker and Twenty-five Employees—Foreman Track" and used this in going back and forth to his home in Brooklyn. The language of the pass suggests it was intended for use when Parker and his crew had to ride Long Island trains to reach or return from the site of their work; if he had been injured on such an occasion, there would be no issue. There was no evidence that the Long Island authorized or knew of the use to which Parker was putting the pass. Even though the jury could find that the railroad was willing to sanction this in view of the distance of Parker's abode, that is not enough to make it rational to conclude that the transportation was in the course of Parker's employment.[2] The First Circuit did not think so in Metropolitan Coal Co. v. Johnson, *supra*, 265 F.2d 173, where the plaintiff had to travel on a pass from Rhode Island to Boston to join his train.[3] As Judge Woodbury there wrote, "the obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards incident to their work, and the plaintiff's employment as a flagman on a freight train did not subject him to any peculiar or abnormal danger while he was riding to work on one of his employer's passenger trains. On this train he was exposed to no other or greater hazard than any other passenger." However one may feel with respect to judicial efforts to cause the FELA to afford a degree of protection regardless of fault more nearly equivalent to workmen's compensation statutes, I see no justification for stretching it to accord protection where such statutes would not. Matter of Kowalek v. New York Consolidated R.R., *supra*, 229 N.Y. 489, 128 N.E. 888; Tallon v. Interborough Rapid Transit Co., 232 N.Y. 410, 134 N.E. 327, 21 A.L.R. 1218 (1922); St. Helens Col-

1. The case arose prior to the amendment of 1939, 53 Stat. 1404, but the decision did not turn on the wording of the earlier version of the FELA.

2. As I read the majority opinion, if Parker had been accompanied by a fellow worker who lived only a few miles from Hicksville and both had fallen on the stairs, the jury could permissibly find in favor of Parker but not of his companion.

3. Judge Magruder's dissent did not go to this holding.

liery Co. v. Hewitson, [1924] A.C. 59 (1923).

This does not mean that Parker had no remedy for his fall on the station stairs. Since FELA was inapplicable, he could have sued the railroad like any other prospective passenger, as Sassaman and Johnson did in their cases, subject, of course, to defenses including the important one of contributory negligence. If he had joined such a claim here, the court could have submitted it to the jury even though there was insufficient evidence to support the FELA claim, but he did not.

I would reverse the judgment with directions to dismiss the complaint.