966 F.2d 1457
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George W. THOMPSON, Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORP., and Amtrak Commuter
Services Corp., Defendants-Appellees.
 No. 91-2618.
 United States Court of Appeals, Seventh Circuit.
 Argued April 8, 1992.
Decided June 25, 1992.
 
 1
 Before BAUER, Chief Circuit Judge, RIPPLE, Circuit Judge, and JAMES M. BURNS, Senior District Judge*.
 
 ORDER
 
 2
 This case is before us on appeal from a grant of summary judgment to National Railroad Passenger Corp. (Amtrak).[1]
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is reviewed de novo. See PPG Industries, Inc. v. Russell, 887 F.2d 820, 823 (7th Cir.1989). The appellate court's review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). See generally Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc., 883 F.2d 569, 573 (7th Cir.1989).
 
 DISCUSSION
 
 4
 Having heard the oral arguments of counsel, considered the briefs filed by the parties, and studied the district court record, we conclude the district court did not err when it granted summary judgment to Amtrak on the grounds that Thompson was not acting within the scope of his employment and, therefore, was not entitled to sue under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1988).
 
 
 5
 The district court found Thompson was not required by his employer to commute to work on Amtrak trains and that Thompson's injuries were not incidental to his work as a service attendant for Amtrak. The district court also found Thompson's commute on Amtrak was not an "operational activity" as defined in Penn Central Corp. v. Checker Cab Co., 488 F.Supp. 1225, 1228 (E.D.Mich.1980). As a result, the district court concluded Thompson did not demonstrate the time he spent commuting to work constituted employment;[2] Thompson did not, therefore, meet one of the threshold requirements to pursue a remedy under FELA. See 45 U.S.C. § 51. See also, Quirk v. New York. C. & St. L.R. Co., 189 F.2d 97 (7th Cir.), cert. denied, 342 U.S. 871 (1951). We agree.
 
 
 6
 We find Amtrak is entitled to summary judgment as a matter of law. Accordingly, the district court's grant of summary judgment to Amtrak is AFFIRMED.
 
 
 
 *
 Judge James M. Burns, Senior District Judge from the District of Oregon, is sitting by designation
 
 
 [1]
 National Railroad Passenger Corp. was sued in its own name and in the name of Amtrak Commuter Services Corp. Defendant-Appellees will be referred to collectively as "Amtrak."
 
 
 [2]
 Thompson turns to Parker v. Long Island R.R. Co., 425 F.2d 1013 (2d Cir.1970), as the primary support for his argument that the time he spent commuting to work on Amtrak constituted time spent employed by Amtrak. We do not adopt either the reasoning or the result in Parker